Dienst v Paik Constr., Inc. (2018 NY Slip Op 03759)





Dienst v Paik Constr., Inc.


2018 NY Slip Op 03759


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Kapnick, Kahn, JJ.


6675 651450/13

[*1]Daniel W. Dienst, et al., Plaintiffs-Appellants,
v
Paik Construction, Inc., Defendant-Respondent. [And a Third-Party Action]


Greenspoon Marder LLP, New York (Wendy Michael of counsel), for appellants.
The Marantz Law Firm, Rye (Neil G. Marantz of counsel), for respondent.



Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered May 16, 2017, which denied plaintiffs' motion pursuant to CPLR 3104(d) and Commercial Division Rule 11-a(b) to modify an order, same court (Ira Gammerman, J.H.O.), entered April 18, 2017, denying plaintiffs' application to compel defendant to disclose its full financial records related to the renovation project, unanimously affirmed, with costs.
Plaintiffs, the owners of a luxury duplex apartment under renovation, seek damages arising from, inter alia, defendant general contractor's alleged breach of its performance obligations under the parties' construction contract and an alleged exaggerated mechanic's lien filed by the defendant.
Plaintiffs' request for disclosure of all defendant's financial records related to their project was properly denied. Defendant agreed to perform the work specified in the contract for a fixed price, and the record strongly supports the conclusion that the contract was substantially performed. Whether defendant timely paid, underpaid or overpaid its subcontractors for the work specified in the contract is not relevant to whether it adequately performed the scope of the work.
While plaintiff would be entitled to seek disclosure pertaining to defendant's counterclaims for damages founded upon equitable theories of relief, i.e., quantum meruit and unjust enrichment, or on the basis of work allegedly performed outside of the contract requirements, as those claims have been withdrawn at oral argument, there remains no additional disclosure to which plaintiffs are entitled.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK